UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE

MATTHEW W. AUSBURN and
JAMI C. AUSBURN,

    Debtors,
_____/

LARRY S. HYMAN, as Chapter 7 Trustee
of the Estate of Matthew Ausburn and
Jami C. Ausburn,

    Plaintiff,
v.

CAPITAL ONE BANK (USA) N.A.,

    Defendant.
_____/

CASE NO.: 8:10-cv-2601-T-23
ADVERSARY NO: 8:10-ap-1197-MGW
BANKRUPTCY NO: 8:10-bk-5606-MGW

**ORDER**

The defendant moves (Doc. 1) under 28 U.S.C. § 157(d) ("Section 157(d)") and Rule 5011(a), Federal Rules of Bankruptcy Procedure, for withdrawal of the reference[1] to the bankruptcy court of an adversary proceeding involving a claim under the Florida Consumer Collection Practices Act, Section 559.55, et seq., Florida Statutes, and a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. The defendant argues (1) that the defendant possesses the right to a jury trial and declines

---

[1] A July 11, 1984, standing order exercises the authority granted by Section 157(a) and directs referral to the bankruptcy court of cases arising under Title 11. See In re Hvide Marine Inc., 248 B.R. 841, 842 n.1 (M.D. Fla. 2000).

to consent to a jury trial conducted by the bankruptcy court,[2] (2) that the adversary proceeding is a "non-core" proceeding involving no right created by bankruptcy law, and (3) that withdrawal promotes judicial economy. The plaintiff responds (Doc. 1-1) and asserts (1) that the bankruptcy court may retain jurisdiction for pre-trial matters without prejudice the defendant's right to a jury trial "if a trial is ultimately necessary"; (2) that, even if considered "non-core," this proceeding may continue in the bankruptcy court, which may hear the matter and propose under 28 U.S.C. § 157(c)(1) findings of fact and conclusions of law to the district court; and (3) that denial of the defendant's motion will decrease forum shopping and confusion and promote judicial economy by allowing the proceeding to remain both in the same forum as the Chapter 7 case and in the court with the most expertise in dealing with bankruptcy matters and associated unlawful collection proceedings.

## Discussion

In considering whether to withdraw the reference, a district court "should first evaluate whether the claim is core or non-core," because "questions of efficiency and uniformity" depend largely on the character of the proceeding. In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993).

### 1. Core Versus Non-Core Proceeding

A bankruptcy court may "hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this

---

[2] Section 157(e) states that "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."

- 2 -

section, and may enter appropriate orders and judgments, subject to review under section 158 . . . ." 28 U.S.C. § 157(b).  Section 157(b)(2) delineates several categories of "core" proceedings.  28 U.S.C. § 157(b)(2); see also In re Electric Machinery Enter., Inc., 479 F.3d 791 (11th Cir. 2007); In re Happy Hocker Pawn Shop, Inc., 212 F. App'x 811 (11th Cir. 2006).  As further explained in In re Wood, 825 F.2d 90, 97 (5th Cir. 1987):

> '[i]f the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related" or non-core proceeding.'

Happy Hocker, 212 F. App'x at 816 (quoting Wood).  "[A] core proceeding must always implicate the property of the bankruptcy estate."  212 F. App'x at 816.  A bankruptcy court may also hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11."

In this instance, the adversary proceeding (1) involves no right created by bankruptcy law, (2) could exist outside of bankruptcy, and (3) implicates no property of the bankruptcy estate.  Therefore, the proceeding is "non-core" and falls within the scope of Section 157(c)(1) as a related proceeding.

*2. Withdrawal of the Reference*

Under Section 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of

any party, for cause shown."[3]  Although Section 157(d) provides no definition of the "cause" sufficient to permit withdrawal, Section 157(d)'s mandating a demonstration of "cause" is "not an empty requirement." In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991).  Factors to consider include "[1] advancing uniformity in bankruptcy administration, [2] decreasing forum shopping and confusion, [3] promoting the economical use of the parties' resources, and [4] facilitating the bankruptcy process."  927 F.2d at 536 n.5.  Other factors include "'(1) whether the claim is core or non-core[,] (2) efficient use of judicial resources[,] (3) a jury demand, and (4) prevention of delay.'" In re Hvide Marine Inc., 248 B.R. 841, 844 (M.D. Fla. 2000) (Lazzara, J.) (footnote omitted) (quoting In re TPI Int'l Airways, Inc. 222 B.R. 663, 668 (S.D. Ga. 1998)).

In this instance, the defendant both demands a jury trial (to which the defendant demonstrates entitlement) and declines to consent to a jury trial in the bankruptcy court. Additionally, because this is a non-core proceeding, Section 157(c)(1) requires the submission of proposed findings and conclusions of law and a de novo review. Nonetheless, the factors cited in Parklane weigh in favor of denying withdrawal. Permitting this adversary proceeding to remain in bankruptcy court for all pre-trial matters and dispositive motions (1) advances uniformity of bankruptcy administration, (2) decreases both the likelihood of confusion and the opportunity to gain an advantage by forum shopping, (3) promotes the economical use of the parties' resources by

---

[3] The second sentence of Section 157(d) mandates withdrawal of certain proceedings, but in this instance the defendant argues only for discretionary withdrawal under Section 157(d)'s first sentence.

limiting the bulk of the action to a single forum, and (4) facilitates the efficient administration of the debtors' estate.

## Conclusion

Accordingly, the defendant's motion (Doc. 1) for withdrawal of the reference is **DENIED WITHOUT PREJUDICE** to the extent that the defendant may re-assert the request for withdrawal upon the conclusion of all pre-trial matters. The Clerk is directed to close this case.

ORDERED in Tampa, Florida, on December 10, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE